**Maria AGUINDA, et al., Plaintiffs,**

v.

**TEXACO, INC., Defendant.**

**Gabriel Ashanga Jota, et al., Plaintiffs,**

v.

**Texaco, Inc., Defendant.**

**Nos. 93 Civ. 7527(JSR), 94 Civ. 9266(JSR).**

United States District Court, S.D. New York.

Sept. 5, 2000.

Martin J. D'Urso, Joseph C. Kohn, Kohn, Swift & Graf, P.C., Philadelphia, PA, Cristobal Bonifaz, Law Offices of Cristobal Bonifaz, Amherst, Massachusetts, for plaintiffs.

Milton Schubin, Kaye, Scholer, Fierman, Hays & Handler, LLP, New York City, George S. Branch, Daniel J. King, King & Spalding, Atlanta, Georgia, Ronald Minkoff, Beldoch Levine & Hoffman LLP, New York City, for defendants.

Jonathan S. Abady, Emery Celli Brinckerhoff & Abady LLP, for the Republic of Ecuador.

### ORDER

RAKOFF, District Judge.

On September 1, 2000, counsel for plaintiffs filed a motion asking the undersigned to disqualify himself from further proceedings in the above-captioned cases. Disqualification motions, by their very nature, should be resolved expeditiously. This one, lacking even facial merit, is hereby denied.

The relevant facts are as follows. In 1996 and 1997 respectively, the Court dismissed the above-captioned cases, in the favor of the courts of Ecuador, on the grounds of forum non conveniens, international comity, and failure to join an indispensable party (the Government of Ecuador). More than a year later, in September, 1998, the undersigned, along with numerous other federal judges, attended a five-day conference on various

environmental law issues sponsored by the Foundation for Research on Economics and the Environment ("FREE"). As permitted by law, the expenses of the attending judges were reimbursed by the sponsoring not-for-profit foundation. While one of the numerous speakers at the conference was a private consultant who formerly had been chairman of defendant Texaco, Inc., neither he, the other speakers, nor the other participants (including the undersigned) discussed any aspect of the merits of the dismissed cases or the legal issues those cases had presented.

Subsequently, the Court of Appeals remanded the cases to this Court for further consideration. The final written submission on the sole motion in these cases presently pending before the Court (again dealing with the issue of forum non conveniens) was received by the Court in June of this year, and the motion is presently *sub judice* .

In his instant moving papers and accompanying affidavit, plaintiffs' counsel asserts two "bases" for his "recusal request." *See* Affidavit of Cristobal Bonifaz sworn to September 1, 2000 ("Bonifaz Aff.") at ¶ 1. The first is that the undersigned participated in the aforementioned reimbursed conference where one of the speakers was a former chairman of Texaco and where the sponsoring foundation "is funded partially by Defendant Texaco, Inc." *Id.* at

¶ 1(A). As plaintiffs' counsel correctly surmises, the fact that FREE has apparently received some minor portion of its funding from Texaco was unknown to the undersigned prior to receipt of plaintiffs' instant motion papers. *See* Plaintiffs' Motion for Disqualification and Supporting Memorandum of Law, at 3. Such contribution by Texaco is, in any event, irrelevant to the instant motion, because the financial support for the conference in question—as FREE informed all attendees in advance and as appears from the very face of the materials plaintiffs annex to the instant motion—was provided by the M.J. Murdock Charitable Trust and the Claude R. Lambe Charitable Foundation, neither of which is involved in this litigation. *See* Bonifaz Aff. Ex. C.[1]

As for the fact that one of the speakers at the conference was a former chairman of Texaco, it suffices simply to reiterate that neither he nor any of the other speakers or participants at the conference addressed any aspect of the merits of these previously-dismissed cases, either formally or in informal conversation with the undersigned. Likewise, while the conference canvassed various environmental issues, none directly related to any issue raised in the instant cases.[2] Nothing in judicial ethics requires a judge to be a hermit, or to closet himself from ideas.

1. Similarly, the only other FREE-organized conference attended by the undersigned (earlier this summer), which dealt with issues related to the admissibility of scientific evidence in the wake of the Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), was again funded by the M.J. Murdock Charitable Trust.

2. Of the three "privately-sponsored" educational seminars attended by the undersigned since ascending the bench, the only one that dealt with issues even arguably germane to issues presented by the instant cases was a three-day, expense-paid conference on international human rights law held in Wye River, Maryland, that the undersigned and other judges attended in November, 1997 (again after the above-captioned cases had been dismissed). That conference, funded by the Aspen Institute (identified in plaintiffs' materials as "left-of-center", *see* Bonifaz Aff., Ex. C, p. 18), consisted of speakers who, for the most part, espoused a view of public international law broadly similar to plaintiffs' position here.

**440**

Plaintiffs' second (and only other) asserted basis for recusal is "[t]he inordinate amount of time during which the aformentioned cases have been held in abeyance" by the undersigned. Bonifaz, Aff. ¶ 1(B). This assertion, in addition to not constituting a legal basis for recusal, is inaccurate, as even plaintiffs' account of the chronology demonstrates. See Bonifaz Aff. ¶¶ 25–26. In particular, on January 31, 2000, the Court issued an order stating that, while the Court was otherwise inclined to once again dismiss these cases on grounds of forum non conveniens, it believed that an issue favorable to the plaintiffs but not meaningfully developed by them—i.e., alleged corruption in the courts of Ecuador—deserved further development. Plaintiffs' counsel openly welcomed this opportunity and, indeed, sought, through unsuccessful discovery requests, to extend it far beyond the time parameters set by the Court. Even then, it was not until June of this year, as noted, that all submissions on this additional issue were received by the Court. While the Court regrets not having had time to complete its drafting of a final opinion in the subsequent three months, a delay of this length in a case of this complexity is hardly unusual and pales in comparison to any delay that would be occasioned by a court's recusal.

Accordingly, for the foregoing reasons, plaintiffs' motion for disqualification is hereby denied.

SO ORDERED.